IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EDWARD ROBINSON,<br><br>        Plaintiff,<br><br>  vs.<br><br>DR. CHAMBERLAIN, Supervising Medical Officer at the Nebraska State Penitentiary, in his official and individual capacities; MICHELE WILHELM, Warden of the Nebraska State Penitentiary, in her official and individual capacities; and SCOTT R. FRAKES, Director of the Nebraska Department of Correctional Services, in his official and individual capacities,<br><br>        Defendants. | 4:21CV3018<br><br><br>**MEMORANDUM AND ORDER** |

      This matter is before the court for initial review of Plaintiff's Complaint (Filing No. 1) pursuant to the Prison Litigation Reform Act, which provides in part:

      (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
      (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
      (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
      (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

Plaintiff is a state prisoner who is currently incarcerated at the Nebraska State Penitentiary (NSP). There are three Defendants, each of whom is sued in his or her individual and official capacities: (1) the Supervising Medical Officer at NSP, (2) the Warden of NSP, and (3) the Director of the Nebraska Department of Correctional Services (NDCS).

Plaintiff alleges he slipped and fell on a wet floor at NSP on August 19, 2017, sustaining injuries to his head, neck, back, and hip areas. In Count I of the Complaint, which is brought under 42 U.S.C. § 1983, Plaintiff claims Defendants have been deliberately indifferent to his serious medical needs. In Count II of the Complaint, Plaintiff claims Defendants' negligence caused the slip-and-fall.

## I. DISCUSSION

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

*A. Count I of Plaintiff's Complaint*

To state a claim under section 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

"It is well established that the Eighth Amendment prohibition on cruel and unusual punishment extends to protect prisoners from deliberate indifference to serious medical needs." *Gregoire v. Class*, 236 F.3d 413, 417 (8th Cir. 2000) (citing *Estelle v. Gamble,* 429 U.S. 97, 104 (1976)). "A medical need is objectively serious if it is supported by medical evidence, such as a physician's diagnosis, or is 'so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" *Bailey v. Feltmann*, 810 F.3d 589, 594 (8th Cir. 2016) (quoting *McRaven v. Sanders*, 577 F.3d 974, 982 (8th Cir. 2009)). Deliberate indifference requires a showing that the defendant "had actual knowledge of that need but deliberately disregarded it." *Ryan v. Armstrong*, 850 F.3d 419, 425 (8th Cir. 2017) (quoting *Bailey*, 810 F.3d, at 594). Negligence is not enough. *Id.*

Defendants cannot be liable simply by virtue of supervising medical staff at NSP or having overall responsibility for operations at NSP or NDCS. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior.*" *Iqbal*, 556 U.S. at 676. Supervisors can incur liability for their personal involvement in a constitutional violation, or when their corrective inaction amounts to deliberate indifference to or tacit authorization of the violative practices, *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010), but in this case Plaintiff does not describe how each Defendant allegedly violated his right to receive medical treatment under the Eighth Amendment. Plaintiff merely recites Defendants' job titles and alleges they collectively "have continued to refuse to provide follow-up treatment for Plaintiff's injuries," "have been deliberately indifferent to Plaintiff's serious medical concerns," and have "refused to take corrective measures" despite being "put on notice on several occasion that Plaintiff was in need of serious medical care." (Filing 1, ¶ 3.l, 3.n, and 7.) This is insufficient under federal pleading practice.

"A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant." *Banks v. New York Police Dep't*, No. 4:15CV3012, 2015 WL 1470475, at *2 (D. Neb. Mar. 31, 2015); *see Novascone v. Nebraska Dep't of Corr. Servs.*, No. 8:19CV201, 2019 WL 6307565, at *3 (D. Neb. Nov. 25, 2019) ("[T]o the extent Plaintiff seeks relief against Dr. Chamberlain and [Director] Frakes based on their supervisory positions over NDCS medical services or NDCS as a whole, Plaintiff has failed to state a claim upon which relief may be granted. Because the Complaint fails to allege Dr. Chamberlain's and Frakes' personal involvement in any constitutional violation and merely names them as Defendants, Plaintiff's claims against them are dismissed for failure to state a claim."); *McGrone v. Boyd*, No. 8:18CV233, 2019 WL 2583841, at *4 (D. Neb. June 24, 2019) ("Plaintiff does not allege that [the warden] was personally involved in the provision of any medical treatment to Plaintiff nor does he allege facts suggesting that [the warden] failed to correct any known deficiencies in Plaintiff's medical treatment.").

Also, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Iqbal* (quoting *Twombly*, 550 U.S., at 555). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S., at 557). Plaintiff has submitted interview request and grievance forms (Filing No. 2) which, although providing some factual context for his claims, indicate he has been receiving some medical treatment for his injuries. While inmates have a right to adequate medical care, they have no "right to receive a particular or requested course of treatment." *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)). In other words, "[a] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Id.*, at 921-22 (quoting *Meuir v. Greene Cty. Jail Emps.*, 487 F.3d 1115, 1118-19 (8th Cir. 2007)).

In addition to seeking to hold Defendants personally liable, Plaintiff is suing them in their official capacities. However, the Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and state employees sued in their official capacities. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*,

4

64 F.3d 442, 446-47 (8th Cir. 1995). NDCS is a state agency that runs Nebraska's correctional institutions, including NSP. *See Klinger v. Dep't of Corr.*, 31 F.3d 727, 729 (8th Cir. 1994); Neb. Rev. Stat. § 83-171. Claims for a declaration of past constitutional violations against the state, its agencies, and state employees in their official capacities are likewise barred by Eleventh Amendment immunity. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (Eleventh Amendment does not permit judgments against state officers declaring that they violated federal law in the past). However, a state's Eleventh Amendment immunity does not bar a suit against state officials when the plaintiff seeks only prospective relief for ongoing violations of federal rights. *Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635 (2002); *Ex Parte Young*, 209 U.S. 123 (1908). State officials sued in their official capacities for injunctive relief are "persons" under section 1983, because official capacity actions for prospective relief are not treated as actions against the state. *Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985).

In summary, Count I of Plaintiff's Complaint fails to state a claim upon which relief may be granted, and therefore is subject to preservice dismissal under 28 U.S.C. § 1915A. However, the court on its own motion will give Plaintiff 30 days to file an amended complaint that states an actionable § 1983 claim against one or more Defendants, in their individual or official capacities.

### B. Count II of Plaintiff's Complaint

Plaintiff's negligence claims against Defendants must be dismissed. Because the alleged negligence occurred during the course of Defendants' employment at NSP and NDCS, and within the scope of such employment, Plaintiff is limited to asserting state law claims against them in their official capacities under the Nebraska State Tort Claims Act ("STCA"), Neb. Rev. Stat. §§ 81-8,209, *et seq.*[1] *See, e.g., Bohl*

---

[1] The STCA provides in part: "The State of Nebraska shall not be liable for the torts of its ... employees, and no suit shall be maintained against the ... employee ... on any tort claim except to the extent, and only to the extent, provided by the State Tort Claims Act." Neb. Rev. Stat. § 81-8,209. A "tort claim" under the STCA is

5

*v. Buffalo County*, 557 N.W.2d 668 (Neb. 1997) (holding that if off-duty police officer was acting within the scope of his employment, the Tort Claims Act would apply and bar a suit against the officer in his individual capacity); *Bojanski v. Foley*, 798 N.W.2d 134, 144 (Neb. App. 2011) (STCA provides immunity when defendant is sued in his individual capacity, but is acting within the scope of his employment or office, unless such immunity has been waived); *see also Guerry v. Frakes*, No. 8:15CV323, 2016 WL 4991501, at *2 (D. Neb. Sept. 16, 2016) (dismissing with prejudice individual-capacity claim against NDCS employee); *Yanga v. Nebraska Dep't Corr. Servs.*, No. 8:19CV420, 2020 WL 4784723, at *5-6 (D. Neb. Aug. 18, 2020) (same); *Novascone v. Daniel Danaher, P.A., N.D.C.S.*, No. 8:19CV201, 2020 WL 7246788, at *1-2 (D. Neb. Dec. 9, 2020) (same).

Although the Nebraska Legislature has waived sovereign immunity for certain kinds of torts against the State of Nebraska and its agencies, this waiver does not extend to actions maintained in federal court. *Miller v. Nebraska Department of Correctional Services*, No. 4:04CV3228, 2005 WL 3072198, at *1 (D. Neb. Nov. 15, 2015). The STCA grants exclusive jurisdiction over those claims to "the district court of the county in which the act or omission complained of occurred...." Neb. Rev. Stat. § 81-8, 214 (Westlaw 2020). Consequently, any waiver of the State's sovereign immunity in the STCA "does not extend to actions brought in federal court." *Montin v. Moore*, 846 F.3d 289, 293 (8th Cir. 2017); *see Carter v. Muldoon*, No. 8:17CV319, 2018 WL 2049841, at *6 (D. Neb. May 1, 2018) (no subject-matter jurisdiction over STCA claim); *Guerry*, 2016 WL 4991501, at *3 (dismissing without prejudice claims alleged against NDCS and official-capacity claims alleged against NDCS employees). "State sovereign immunity bars actions in federal court regardless of the basis for otherwise appropriate subject matter jurisdiction." *Montin*, 846 F.3d at 293; *see Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541-42 (2002) (holding the Eleventh Amendment bars actions in federal court even where 28 U.S.C. § 1367, in general, authorizes supplemental jurisdiction). Thus, this court does not have subject matter jurisdiction over the official-capacity claims alleged in Count II of Plaintiff's Complaint.

---

"any claim against an employee of the state for money only on account of ... personal injury ... caused by the negligent or wrongful act or omission of the employee while acting within the scope of his or her employment." Neb. Rev. Stat. § 81-8,210(4).

6

## II. CONCLUSION

Count I of Plaintiff's Complaint is subject to dismissal for failure to state a claim upon which relief may be granted, but the court will grant Plaintiff leave to amend.

Count II of Plaintiff's Complaint will be dismissed without leave to amend because Nebraska's STCA prevents Defendants from being held personally liable for injuries caused by a negligent act or omission of theirs while acting within the scope of their employment, and because the District Court of Lancaster County has exclusive jurisdiction over the official-capacity tort claims. The individual-capacity tort claims will be dismissed with prejudice to refiling, while the official-capacity tort claims will be dismissed without prejudice for lack of jurisdiction.

IT IS THEREFORE ORDERED:

1. Plaintiff's state-law negligence claims against Defendants in their individual capacities are dismissed with prejudice.

2. Plaintiff's state-law negligence claims against Defendants in their official capacities are dismissed without prejudice to reassertion in state court.

3. Plaintiff shall have 30 days in which to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing the case without further notice to Plaintiff.

4. In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint (Filing No. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

5. The court reserves the right to conduct further review of Plaintiff's claims in the event he files an amended complaint.

6.     The Clerk of the Court is directed to set the following pro se case management deadline: **April 8, 2021**—amended complaint due.

7.     Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 9th day of March, 2021.

> BY THE COURT:
>
> *Richard G. Kopf*
>
> Richard G. Kopf
> Senior United States District Judge